**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2811-15T2

WILLIAM DYKEMAN t/a
ATLANTIC COAST
COMMERCIAL INTERIORS,

     Plaintiff-Appellant,

v.

OCEAN MONMOUTH
CONSTRUCTION, INC.,

     Defendant-Respondent.

_____

Argued September 26, 2018 – Decided November 21, 2018

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0536-03.

William Dykeman, appellant, argued the cause pro se.

Helen B. Rosner argued the cause for respondent (Stone Mandia, LLC, attorneys; Helen B. Rosner, on the brief).

PER CURIAM

Plaintiff William Dykeman appeals the November 30, 2015 order dismissing with prejudice his complaint against defendant Ocean Monmouth Construction, Inc. We affirm.

Plaintiff filed his complaint in 2003. The tortured history of this matter since that date bears some discussion. Plaintiff and his attorney failed to appear for trial on August 2, 2004, and September 13, 2004. On October 22, 2004, the Law Division judge dismissed the complaint and entered a default judgment for defendant on its counterclaim because of plaintiff's failures to appear.

Over two years later, plaintiff, who was by then self-represented, filed a motion to reinstate. The motion was granted on March 23, 2007. Over the course of the next year, plaintiff filed numerous discovery and related motions, all of which were denied. On December 5, 2008, plaintiff's motion for summary judgment was denied as was his out-of-time application for reconsideration. Plaintiff unsuccessfully sought leave to appeal.

For reasons we cannot decipher from this record, years later, the matter resurfaced. On May 14, 2015, plaintiff filed another motion for summary judgment and for other relief. Judge Craig L. Wellerson denied the application on June 26, 2015. He subsequently denied plaintiff's application for reconsideration. The court set the matter for trial, indicating it would take

precedence over other cases listed for that date. Plaintiff was by then incarcerated in state prison. He unsuccessfully sought leave to take an emergent appeal.

The matter was rescheduled for November 30, 2015, and Judge Wellerson advised plaintiff that he would be responsible to bear the cost, in advance, of his transport to court in accord with N.J.A.C. 10A:3-9.13. Plaintiff wrote to the court, explaining he considered it inequitable as he knew a prisoner who was transported without paying the costs in advance, and that he should therefore not be required to do so. He further requested that if the judge intended to dismiss the matter, that he do so without prejudice and that he toll the running of the statute of limitations during plaintiff's period of incarceration. The judge, in writing, reiterated the process for plaintiff to appear and advised in no uncertain terms that the matter would not be adjourned again. At the call of the list, plaintiff did not appear. The judge dismissed the matter with prejudice.

Plaintiff thereafter filed an appeal out of time, but was granted his motion to file as within time. His request for free transcripts was denied. Over the course of the ensuing year and a half, plaintiff filed various motions to extend filing dates, be allowed to file an overlength brief, and other applications. The

matter was finally set down for oral argument on September 26, 2018. Plaintiff was heard telephonically, as he continues to be incarcerated.

The dispute underlying the complaint relates to a building contract allegedly entered into in the spring of 2002. Based on plaintiff's documents, it appears that the substance of his complaint is that defendant should not have terminated the contract with plaintiff, a subcontractor, or demanded the return of a $10,000 deposit defendant paid to plaintiff. In his brief, plaintiff raises the following points:

> POINT ONE: AS THE FOLLOWING SUBSECTIONS CLEARLY SHOW, NO GENUINE ISSUE OF MATERIAL FACT EXISTS SO AS TO REQUIRE A JURY TRIAL BECAUSE THIS COMMERCIAL BUILDING CONSTRUCTION CONTRACT WAS UNILATERALLY TERMINATED BY DEFENDANT OMC BEFORE ANY PERFORMANCE WAS DUE BY PLAINTIFF DYKEMAN (ACI) IN SEPTEMBER OF 2002.
>
> PART ONE: THE CONTRACT EXISTED AS A MATTER OF LAW.
>
> PART TWO: NO FRAUD EXISTED, NOR DID DEFENDANT OMC MOVE TO RESCIND THE CONTRACT IF THEY TRULY BELIEVED THIS ALLEGED FRAUD OCCURRED.
>
> PART THREE: A BREAKDOWN OF OMC's LEGAL ARGUMENT IN OPPOSITION TO SUMMARY JUDGMENT REVEALS THAT NO

4

GENUINE ISSUE OF MATERIAL FACT EXISTS SO
AS TO PRECLUDE SUMMARY JUDGMENT.

<u>PART FOUR</u>:     WHY SUMMARY JUDGMENT IS
PROPER.

<u>POINT TWO</u>:     THE TRIAL COURT COMMITTED
REVERSIBLE ERROR BY NOT FOLLOWING RULE
4:46-2(c) AND THE RULING IN <u>LOMBARDI v.
MASSO</u>, 207 N.J. 517 (2011) BY EXPLAINING
WHAT GENUINE ISSUES OF MATERIAL FACT
REQUIRED A TRIAL IN 2015.

<u>POINT THREE</u>: N.J.A.C.          10A:3-9.13          IS
UNCONSTITUTIONAL   THE   WAY   IT   WAS
SPECIFICALLY     APPLIED     TO     PLAINTIFF
DYKEMAN IN 2015.

We consider the points regarding the underlying dispute to so miss the

mark of this appeal, which is an appeal of an order dismissing a matter with

prejudice, not an appeal addressing the merits of the claim, as to not warrant

discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(E).

Plaintiff's contentions regarding dismissal with prejudice lack merit.

Plaintiff knew the process necessary for him to appear and did not pursue it.

Defendant was again required to appear to no avail.

<u>R.</u> 1:2-4(a) authorizes a court, when a litigant fails to appear, to take such

steps "as it deems appropriate."  We find the dismissal of the case with prejudice

under these circumstances was entirely unobjectionable.   The judge most

certainly did not abuse his discretion in doing so, and had ample cause to dismiss with prejudice. "The trial court has an array of available remedies to enforce compliance with" court rules or orders. <u>Gonzalez v. Safe & Sound Sec. Corp.</u>, 185 N.J. 100, 115 (2005) (citing <u>Crispin v. Volkswagenwerk, A.G.</u>, 96 N.J. 336, 345 (1984)). When a plaintiff fails to abide by these rules and orders, "he subjects himself to the list of sanctions referenced in <u>Rule</u> 1:2-4(a), one of which is 'dismissal of the complaint.'" <u>Ibid.</u>

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2811-15T2